UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

Laymon Lewis Thomas, III,　　　　　　　　　)
　　PLAINTIFF,　　　　　　　　　　　　　　) CASE #: 3:17-CV-00299-REP
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
ROWE ROSEN AND FITZHUGH, PLC and　　　 )
JENNIFER E.S.ROSEN and　　　　　　　　　 )
VIRGINIA FAMILY DENTISTRY, PC　　　　　  ) JURY TRIAL DEMANDED
　　DEFENDANTs.

## COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for his Complaint against the Defendants Rowe, Rosen & Fitzhugh, PLC and Jennifer E.S. Rosen and Virginia Family Dentistry, PC, respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Laymon Lewis Thomas, III, an individual consumer, against Defendants, Rowe Rosen and Fitzhugh, PLC and Jennifer E.S. Rosen, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  This aaction is also against the above named defendants and Virginia Family Dentistry, PC (FKA W. Baxter Perkinson & Associates, PC) for abuse of process.

## JURISDICTION, VENUE, and JURY DEMAND

1. This court has jurisdiction over the FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This court has jurisdiction over the abuse of process claims under 28 U.S.C. § 1367 (supplemental jurisdiction) because the matters are intertwined.

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

5. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendants transact business here, and should expect to be hailed into this court.

6. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE**. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII.

## PARTIES

7. Plaintiff, Laymon Lewis Thomas, III ("Plaintiff") is a natural person and resides in Richmond, Virginia.

8. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

9. Defendant, Rowe Rosen and Fitzhugh, PLC ("RRF"), is an Virginia Professional Limited Company, engaged in the business of regularly collecting debts in this Commonwealth, with its principal place of business located at 1001 Boulders Pkwy, Suite 513, Richmond, VA 23225.

10. RRF is registered with the Secretary of the Commonwealth, and may be served at the following: George W. Rowe, Esq, Registered Agent, Rowe Rosen & Fitzhugh, PC, 1001 Boulders Pkwy, Suite 513, Richmond, VA 23225

11. Defendant Jennifer E.S. Rosen ("Rosen") is an employee of RRF and a lawyer. Rosen can be served at 1001 Boulders Pkwy, Suite 513, Richmond, VA 23225.

12. The principal business of RRF is the collection of debts.

13. Rosen is an individual who regularly collects debts.

14. RRF regularly attempts to collect consumer debts alleged due to another.

15. Rosen regularly attempts to collect consumer debts alleged due to another.

16. RRF is engaged in the collection of debts from consumers using the mails and telephone.

17. Rosen is engaged in the collection of debts from consumers using the mails and telephone.

18. RRF is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

19. Rosen is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

20. Virginia Family Dentistry, PC, formerly known as W. Baxter Perkinson & Associates, PC ("Virginia Family") is a medical service provider in central Virginia, and may be served at James M Daniel Jr, Registered Agent, 4701 Cox Rd Ste 400, Glen Allen VA 23060

21. Virginia Family is the disclosed principal for the actions of RRF and Rosen.

## FACTS

22. Plaintiff's daughter incurred a debt by contracting with Virginia Family Dentistry, PC FKA W. Baxter Perkinson, DDS for dental services, a personal use, bringing the debts in question within the Fair Debt Collection Practices Act.

23. Plaintiff's daughter at the time she entered into the contract, was not a minor, and not incompetent.

24. Plaintiff did NOT co-sign the debt.

25. Plaintiff's daughter failed to pay for some or all of the services she received.

26. Upon information and belief, the debt was assigned by Virginia Family to RRF after default.

27. RRF assigned its employee Rosen to collect on the account.

28. RRF by its employee filed suit in Henrico County Virginia General District Court, alleging that both plaintiff's daughter and plaintiff were liable for the debt that Plaintiff's daughter had incurred. This was inherently false.

29. Plaintiff defended the collection lawsuit, and incurred attorney fees in defending the lawsuit that should never have been filed.

30. Plaintiff tried several times to obtain the dismissal of the plaintiff from the collection lawsuit, but was unsuccessful.

31. In each communication with defendants RRF and Rosen, plaintiff reasserted that there was no basis for liability.

32. In each communication from RRF and Rosen, defendants alleged that plaintiff had and continued to have liability and additional debt in the form of attorney fees would be added.

33. Plaintiff suffered mental and emotional distress damages as a result of the actions of the defendants.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

### (As to Rowe Rosen & Fitzhugh, PLC and Jennifer E. S. Rosen ONLY)

34. Plaintiff restates and re-alleges all previous paragraphs herein.

35. Defendant has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

    a. Defendant has violated the FDCPA 15 U.S.C. § 1692d, in that used abusive and harassing actions in the collection of a consumer debt.

    b. Defendant has violated the FDCPA 15 U.S.C. § 1692e(2), in that it falsely stated that the debt was valid as against the plaintiff in the collection of a consumer debt, when in fact, it was never plaintiff's debt.

    c. Defendant has violated the FDCPA 15 U.S.C. § 1692e(2)(a), in that it falsely stated the amounts due, in the collection of a consumer debt.

    d. Defendant has violated the FDCPA 15 U.S.C. § 1692e(4) , in that it falsely stated or implied that the non-payment of the debt would result in seizure, garnishment or attachment.

    e. Defendant has violated the FDCPA 15 U.S.C. § 1692e(5) , in that it falsely threatened to take an action that could not be taken, or that it did not intend to take.

    f. Defendant has violated the FDCPA 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

    g. Defendant has violated the FDCPA 15 U.S.C. § 1692f(1), in that it collected or attempted to collect an amount other than one authorized by the agreement or permitted by law, in the collection of a consumer debt, as they were not entitled to any funds because it was never plaintiff's debt.

36. Plaintiff is entitled to statutory damages, actual damages, attorney fees, and costs, pursuant to 15 U.S.C. § 1692k(a).

## COUNT TWO:
## Abuse of Process

(as to all defendants)

37. Plaintiff restates and realleges paragraphs 1-30.

38. Defendants had an ulterior purpose of being a whip to force payment of the alleged indebtedness.

39. The filing and continuing of the actions, even when the defendants knew that the actions were improper and there was no basis to have liability were improper actions.

40. The underlying action was resolved to the benefit of the plaintiff.

41. Plaintiff suffered damages in that he suffered attorneys fees for defending an action that should never have been brought or prosecuted.

42. Plaintiff suffered mental and emotional distress as a result of the actions of the defendant.

43. Plaintiff is entitled to actual damages, punitive damages, and costs.

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on his behalf for violations of the Fair Debt Collection Practices Act for statutory damages, actual damages, attorney fees, and costs and for Abuse of Process for the actual damages and punitive damages and costs.

**LAYMON LEWIS THOMAS, III**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792 phone
804.234.1159 fax