UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LAYMON LEWIS THOMAS, III, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17cv00299-REP |
| ROWE ROSEN AND FITZHUGH, PLC, JENNIFER, E. S. ROSEN, AND VIRGIIA FAMILY DENTISTRY, PC, | ) |
| Defendants. | ) |

## ANSWER AND ADDITIONAL DEFENSES OF DEFENDANTS ROWE ROSEN AND FITZHUGH, PLC AND JENNIFER E. S. ROSEN

Defendants Rowe Rosen and Fitzhugh, PLC and Jennifer E. S. Rosen ("**Lawyer Defendants**"), by counsel, state as follows for their Answer and Additional Defenses to the Complaint filed against them by Plaintiff Laymon Lewis Thomas, III ("**Plaintiff**"):

### Preliminary Statement

Lawyer Defendants deny the allegations in the unnumbered paragraph entitled "Preliminary Statement" as they pertain to Lawyer Defendants, and they are without sufficient knowledge to form a belief as to the truth of the remaining allegations as to Virginia Family Dentistry, PC, ("**Dentist**") and, therefore, deny said allegations.

### Jurisdiction, Venue, and Jury Demand

1. In answer to paragraph 1 of the Complaint, it is admitted that this Court has subject matter jurisdiction over Plaintiff's federal claim under the FDCPA.

2. In answer to paragraph 2 of the Complaint, Lawyer Defendants are without knowledge of whether the Court has supplemental jurisdiction over the abuse of process allegations against Dentist.

3. Paragraph 3 of the Complaint contains legal conclusions to which Lawyer Defendants neither admit nor deny.

4. Paragraph 4 of the Complaint contains legal conclusions to which Lawyer Defendants neither admit nor deny.

5. Lawyer Defendants admit the allegations of paragraph 5 of the Complaint insofar as this Court has personal jurisdiction over them.

6. Paragraph 6 of the Complaint contains legal conclusions to which Lawyer Defendants neither admit nor deny.

## Parties

7. Lawyer Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 7 or the Complaint and, therefore, deny said allegations.

8. Paragraph 8 of the Complaint contains legal conclusions to which Lawyer Defendants neither admit nor deny.

9. Lawyer Defendants deny the allegations of paragraph 9 of the Complaint.

10. Lawyer Defendants deny the allegations of paragraph 10 of the Complaint.

11. Lawyer Defendants admit the allegations of the first sentence of paragraph 11 of the Complaint and deny the allegations of the second sentence of that paragraph.

12. Lawyer Defendants deny the allegations of paragraph 12 of the Complaint.

13. Lawyer Defendants deny the allegations of paragraph 13 of the Complaint.

14. Lawyer Defendants deny the allegations of paragraph 14 of the Complaint.

15. Lawyer Defendants deny the allegations of paragraph 15 of the Complaint.

16. Lawyer Defendants deny the allegations of paragraph 16 of the Complaint.

17. Lawyer Defendants deny the allegations of paragraph 17 of the Complaint.

18. Lawyer Defendants deny the allegations of paragraph 18 of the Complaint.

19. Lawyer Defendants deny the allegations of paragraph 19 of the Complaint.

20. Lawyer Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 20 or the Complaint and, therefore, deny said allegations.

21. Paragraph 21 of the Complaint contains legal conclusions to which Lawyer Defendants neither admit nor deny.

## Facts

22. Lawyer Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 22 or the Complaint and, therefore, deny said allegations.

23. Lawyer Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 23 or the Complaint and, therefore, deny said allegations.

24. Lawyer Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 24 or the Complaint and, therefore, deny said allegations.

25. Lawyer Defendants admit the allegations of paragraph 25 of the Complaint.

26. Lawyer Defendants admit in part and deny in part the allegations of paragraph 26 of the Complaint, admitting that Dentist transferred the subject file to Defendants for collection after the account had been in arrears for many months. All other allegations and inferences are denied.

27. Lawyer Defendants deny the allegations of paragraph 27 of the Complaint as stated but admit that Ms. Rosen was the one lawyer at the firm who worked on the subject account file.

28. Lawyer Defendants admit the first sentence of paragraph 28 of the Complaint and deny the second sentence of that paragraph.

29. In answer to paragraph 29 of the Complaint, Lawyer Defendants admit that Plaintiff defended the state court lawsuit, and they are without sufficient information to admit or deny whether he incurred attorney fees.

30. Lawyer Defendants admit the allegations of paragraph 30 of the Complaint.

31. Lawyer Defendants deny the allegations of paragraph 31 of the Complaint and further aver that while Plaintiff did communicate the alleged view that he didn't owe the debt, it was not conveyed in each of his communications.

32. Lawyer Defendants deny the allegations of paragraph 32 of the Complaint and further aver that while they did communicate to Plaintiff their position that he owed on the account, it was not conveyed in each of their communications.

33. Lawyer Defendants deny the allegations of paragraph 33 of the Complaint.

## Count One

34. In answer to paragraph 34 of the Complaint, Lawyer Defendants incorporate by reference each of their responses given in the paragraphs numbered 1 through 33 above.

35. Lawyer Defendants deny the allegations of paragraph 35 (including all subparts a through g) of the Complaint.

36. Lawyer Defendants deny the allegations of paragraph 36 of the Complaint.

## Count Two

37. In answer to paragraph 37 of the Complaint, Lawyer Defendants incorporate by reference each of their responses given in the paragraphs numbered 1 through 36 above.

38. Lawyer Defendants deny the allegations of paragraph 38 of the Complaint.

39. Lawyer Defendants deny the allegations of paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which Lawyer Defendants neither admit nor deny.

41. Lawyer Defendants deny the allegations of paragraph 41 of the Complaint.

42. Lawyer Defendants deny the allegations of paragraph 42 of the Complaint.

43. Lawyer Defendants deny the allegations of paragraph 43 of the Complaint.

## ADDITIONAL DEFENSES

1. Plaintiff's claims are barred by Plaintiff's unclean hands.

2. Lawyer Defendants do not meet the statutory definition of a debt collector.

3. Plaintiff volunteered payment on his daughter's account and is estopped to deny it.

4. Plaintiff has suffered no compensable damages.

5. At all pertinent times, Lawyer Defendants acted in good faith reliance on the information provided by Dentist on the account at issue.

6. Lawyer Defendants did not use unfair or unconscionable collection means toward Plaintiff.

7. Lawyer Defendants did not misstate the amount owed on the subject account.

8. Plaintiff does not allege sufficient facts to assert that Lawyer Defendants threatened seizure, garnishment, or attachment, nor did they falsely threaten any other action.

9. Plaintiff alleges no ulterior/improper purpose or malicious, deliberate misuse of process to support an abuse of process claim, nor do any of those required elements exist.

## CONCLUSION

WHEREFORE, defendants Rowe Rosen & Fitzhugh and Jennifer E. S. Rosen request that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that they be awarded reasonable attorney fees and costs as provided for under applicable law.

DATED: May 12, 2017

ROWE ROSEN AND FITZHUGH, PLC

JENNIFER E. S. ROSEN

By: _____/s/_____
Andrew Biondi (VSB #48100)
SANDS ANDERSON PC
2400 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
E-mail: abiondi@sandsanderson.com
*Counsel for Rowe Rosen and Fitzhugh, PLC and Jennifer E. S. Rosen*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2017, a true and correct copy of the foregoing was to be served on the following counsel of record via the ECF system:

>Jason M. Krumbein, Esq.
>Krumbein Consumer Legal Services, Inc.
>1650 Willow Lawn Drive, Suite 201
>Richmond, VA 23230
>804-592-0792
>Fax: 804-234-1159
>JKrumbein@KrumbeinLaw.com
>*Counsel for Plaintiff.*

>By:_____/s/_____
>Andrew Biondi (VSB #48100)
>SANDS ANDERSON PC
>2400 Bank of America Center
>1111 East Main Street (23219)
>P. O. Box 1998
>Richmond, Virginia 23218-1998
>Telephone: (804) 648-1636
>Facsimile: (804) 783-7291
>E-mail: abiondi@sandsanderson.com
>*Counsel for Rowe Rosen and Fitzhugh, PLC and Jennifer E. S. Rosen*